UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 16-1729 AG (DFMx) | Date | October 17, 2016 |
|---|---|---|---|
| Title | DANIEL A. WAISMANN v. BANK OF AMERICA, N.A. ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

**Proceedings:** [IN CHAMBERS] ORDER TO APPEAR TO SHOW CAUSE CONCERNING SUBJECT MATTER JURISDICTION

Plaintiff Daniel Waismann sued Defendant Bank of America, N.A. ("Bank of America"), Caliber Home Loans, Inc. ("Caliber"), and U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust ("U.S. Bank") in state court for claims arising out of a home loan. Defendants then removed the case to federal court.

Federal courts must guard their limited jurisdiction jealously. *Ghazaryan v. Wells Fargo Bank, N.A.*, 42 F. Supp. 3d 1341, 1342 (C.D. Cal. 2014). This jealousy gets expressed in a lot of ways. *See Onsite Nurse Concierge LLC v. Myonsite Healthcare, LLC*, No. SACV 16-0509 AG (PLAx), 2016 WL 2853504, at *1 (C.D. Cal. May 16, 2016). At least four are relevant here. First, federal courts start off assuming that cases are outside of their power to rule. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts require parties arguing for jurisdiction to establish otherwise. *Id.* Second, federal courts demand that parties arguing for jurisdiction address jurisdiction as soon as they get to the federal courthouse doors, in their complaints or notices of removal. *See* 28 U.S.C. § 1446(a); Fed. R. Civ. P. 8(a)(1). Third, federal courts raise jurisdiction whenever they think it's a question, at any point in a case, on their own without the parties' involvement. *See* Fed. R. Civ. P. 12(h)(3). Fourth, federal courts are particularly skeptical of cases removed from state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SACV 16-1729 AG (DFMx) | Date | October 17, 2016 |
|---|---|---|---|
| Title | DANIEL A. WAISMANN v. BANK OF AMERICA, N.A. ET AL. | | |

Consistent with courts' jealousy, ties go to plaintiffs. The strong presumption against removal jurisdiction means that defendants always have the burden of establishing, by a preponderance of evidence, that removal is proper. *See id.*; *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015). Removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). So "[f]ederal jurisdiction must be rejected if there is any doubt" about jurisdiction. *Gaus*, 980 F.2d at 566.

Diversity jurisdiction is one type of federal jurisdiction. It requires that (1) each plaintiff be a citizen of a different state than each defendant, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).

Defendants' only asserted basis for jurisdiction is diversity jurisdiction, but the Court is concerned about whether it has jurisdiction. More specifically, Defendants has not met their burden for the amount in controversy requirement. Defendants point to the deed of trust and value of the home loan, but this does not satisfy the burden. *See Olmos v. Residential Credit Sols., Inc.*, 92 F. Supp. 3d 954 (C.D. Cal. 2015)*; Moreno v. Select Portfolio Servicing, Inc.*, CV-F-10-503OWWSKO, 2010 WL 2525980 (E.D. Cal. June 23, 2010) (holding that defendant failed to establish the $75,000 amount in controversy in a suit to enjoin foreclosure where it pointed only to a deed of trust securing a $448,000 loan).

## DISPOSITION

The Court ORDERS Defendants to appear at **9:00 a.m.** on **November 14, 2016**, to show cause why this case should not be remanded for lack of subject matter jurisdiction. Plaintiff may also appear if he wishes.

|  | : | 0 |
|---|---|---|
| Initials of Preparer | | lmb |